ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,

v.

JOHN DE LA CRUZ.

CR. NO. 04-00185-02 SOM

HON. SUSAN OKI MOLLWAY

## SENTENCING MEMORANDUM
## ON BEHALF OF JOHN DE LA CRUZ

Through counsel, John De La Cruz, files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives as set forth in 18 U.S.C. § 3553(a).

Defendant John De La Cruz is a 43-year-old married Hispanic male and father of 5 children. He is now before the Court for sentencing. He has accepted responsibility for his conduct and qualifies for the safety valve of protection afforded pursuant to USC § 3553(f); U.S.S.C. § 5C 1.2.

At the time of the offense, Mr. De La Cruz was suffering from a serious back injury. After surgery he developed a severe addiction to Vicodin and other painkillers. Having not worked for a period of years because of this disability, he was in extreme financial distress with accumulated debts in excess of $50,000.00.

On May 10, 2004 the defendant voluntarily surrendered and was incarcerated (pre-trial) until he was able to meet the conditions of release on December 30, 2004. Since that time the defendant has been substance free, led a law-abiding life and has provided for the care and support of his family.

By this memorandum, including exhibits and evidence presented at the hearing, it is respectfully requested that this Court fashion a sentence to allow defendant John De La Cruz to receive further treatment and counseling, continue his employment, reside with his family and continue his law-abiding life.

Sentencing under *Booker*

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washinton, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statues in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in Apprendi, the Court concluded that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.  Id. at 756.[1]

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1) or which rely upon the guidelines as mandatory in nature, 18 U.S.C § 3742(e), are incompatible with its Sixth Amendment holding. Booker, 125 S. Ct. at 756.

---

[1] It should be noted that the fact-of-prior-conviction exception to the Apprendi rule is based on Almendarez-Torres v. United States, 523 U.S. 224 (1998). But the continued vitality of this case and the exception it created has been called into question not only by the broad reasoning of Booker itself, which would seem to apply to all enhancement facts, including facts of prior conviction, but also more recently by Shepard v. United States, 125 S. Ct. 1254 (2005). Shepard sharply limits the Almendarez-Torres exception to the fact of prior conviction as determined by the judicial record, and excludes facts about the conviction which are not contained in such conclusive records. As Justice Thomas notes, moreover, five justices agree that Almendarez-Torres was wrongly decided. 124 S. Ct. at 1264 (Thomas, J., concurring).

Accordingly, the Court severed and excised those provisions, making the Guidelines effectively advisory. Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well. See §3553(a) and Booker, 125 S. Ct. at 757. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C §3553(a).

The primary directive in Section 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2.

Section 3553(a)(2) states that such purposes are:

> (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)   to afford adequate deterrence to criminal conduct;
> (C)   to protect the public from further crimes of the defendant; and
> (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant  § 3553(a)(1);
> 2) the kinds of sentences available §3553(a)(3);
> 3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct §3553(a)(6); and
> 4) the need to provide restitution to any victims of the offense. §3533(a)(7).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C §3582, imposition of a term of imprisonment is subject to the following

limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recognize that imprisonment is *not* an appropriate means of promoting correction and rehabilitation. (emphasis added).

Under 18 U.S.C. § 3661, *no limitation* shall be placed on the information concerning the background, character, and conduct of John De La Cruz which a court of the Untitled States may receive and consider for the purpose of imposing an appropriate sentence. (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as not ordinarily relevant to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See U.S.S.G. § 5H1. See also United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account the fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the criminal History Computation of the Federal Sentencing Guidelines, May 2004); United States v. Naylor, __ F. Supp. 2d __, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses because he was 17 and noting that in Roper v. Simmons, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of Booker and § 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences

based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the § 3353(a) factors, many of which the guidelines either reject or ignore. United States v. Ranum, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives heavy weigh to the guideline range comes perilously close to the mandatory regime found to be constitutionally infirm in Booker. United States v. Jaber, __F. Supp. 2d__, 2005 WL 605787 *4(D. Mass,. March 16, 2005) (Gertner, J.) See also United States v. Ameline, 400 F.3d 646,655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence.)

Justice Scalia explains the point well in his dissent from Booker's remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise it thought the Guidelines not only had to be considered (as the amputated statute requires) but had generally to be followed then its opinion would surely say so. Booker, 125 S. Ct. at 791(Scalia, J., dissenting in part).

Likewise, if the remedial majority thought the guidelines had to be given heavy weight, its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider *all* of the § 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient, but not greater than necessary, to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in §3553(a), these statutory sentencing

factors should generally trump the guidelines, See United States v. Denardi, 892 F. 2d 269,276-77 (dd Cir. 1989) (Becker, j, concurring in part, dissenting in part) (arguing that since § 3553(a) requires a sentence be no greater than necessary to meet the four purposes of sentencing, imposition of a sentence greater than necessary to meet those purposes violates the statue and is reversible, even if within guideline range).

### Application of the Statutory Sentencing Factors
### to the Facts of this Case

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1.  **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

    **(a) Nature and Circumstances of Offense**

    Mr. De La Cruz flew to Honolulu, Hawaii and met an individual who provided him with drug samples. These drugs were already in Hawaii and all travel arrangements (hotel and airfare) were made for Mr. De La Cruz by others. During the single transaction in a hotel room and when asked about further sales of narcotics, the undercover officer and informant were referred to his brother for those discussions. Therefore, Mr. De La Cruz was properly categorized as a minor player.

    **(b) History and Characteristics of Mr. De La Cruz**

    Mr. De La Cruz had been long suffering from a serious back injury from repetitive injuries sustained at work. He was taking pain killers prescribed by several doctors and pain killers purchased without a prescription. The records demonstrate that Mr. De La Cruz was ingesting at least 21 vicodin caplets a day for several years at the time of the offense. His level of addiction was so extreme

that he was asking strangers for pain killers including the undercover officer and the informant who met him for the first time in his hotel room.

### Psychological Evaluation

Defendant John Delacruz was referred for evaluation to Martha L. Rogers, Ph.D. Dr. Rogers met with the defendant and his wife (Lisa De La Cruz) in a day-long face-to-face session and administered a variety of psychological procedures including the PSHQ, PAI, MAQ and SASSI-3 tests. Additionally, Dr. Rogers read a comprehensive set of medical records including prescription records for the defendant.

As the Court may not be familiar with Dr. Rogers, she has an extensive resume that is attached to her report. A summary of her appointments and qualifications include:

- 1989 to 1995 - Board of Prison Terms California Department of Corrections, approved independent examiner
- 1983 to present - Orange County Superior Court Expert Witness Panel for Adult Criminal Defendants.
- 1981 to present - San Bernardino County and Riverside County Superior Court's Expert Witness Panel.
- 1978 to present - licensed psychologist in California and Arizona.
- Her professional references including state level criminal prosecutors from the Orange County and the Riverside County District Attorney's Office, the US Attorney's Office (Central District of California), criminal defense attorneys, county counsel and civil lawyers for both plaintiff and defendants.

While most of Dr. Rogers' report is self-explanatory, it is important to summarize the salient portion of the report as follows:

- John De La Cruz was taking six to seven Vicodin three times a day (21 a day). This Vicodin use was confirmed by the pharmacy records. It began in 1999 until the date that the defendant surrendered at the time of his arrest in this case.
- The defendant has been sober since his release from custody on December 30, 2004. This is confirmed by pretrial services that randomly tests defendant. Additionally, defendant has complied with all pretrial services orders.
- Psychological testing proved to be valid with the defendant providing a "straight arrow" sample with no attempt to dissimulate, exaggerate or minimize his difficulties. Dr. Rogers saw this as a "positive sign".
- The defendant having acknowledged some problem areas in his life has expressed a general positive attitude toward lifestyle changes and taking responsibility for his actions. Dr. Rogers describes the defendant as "turned the corner" and that the defendant has a supportive wife who reports that she wants to keep the marriage and is willing to participate in further marital counseling with the defendant.
- Dr. Rogers' concluding opinion is that the prescription drug dependency was definitely a contributive factor in the present offense and that he appeared to be a minor participant in the drug-dealing operation. The defendant is described as an individual who will cooperate with any needed drug and alcohol treatment program and that such treatment should be required as part of his conditions upon release. He is also described as needing a medical treatment program which will address his chronic pain management problems including suggesting that he would benefit from relaxation training, biofeedback, specific prescriptive exercise

programs, stress management classes and psychotherapy. In short, the defendant is a good candidate to be rehabilitated and to be a law abiding productive member of society in the future. Dr. Roger's complete report, including CV is attached as Exhibit A.

2. **The Need for the Sentence Imposed To Promote Certain Statutory Objectives:**

**(A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**

**(B) to afford adequate deterrence to criminal conduct**

**(C) to protect the public from further crimes of the defendant**

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

## LETTERS OF RECOMMENDATION

Attached to this Memorandum as Exhibit B are 11 letters written on behalf of defendant, John De La Cruz from a variety of people. Most have known the defendant for 15 (or more) years. These letters are from friends, relatives, a doctor and the defendant's employer.

The following is summary of the letters of recommendation:

A.   <u>Amber Lennon</u>. Ms. Lennon is defendant's sister-in-law who has known him for over 15 years. She has actually resided with John and characterizes him as …"remarkably close and affectionate…with his family". He is also described as a …"loving husband to my sister" and …"very involved in the lives of his children". Her husband, <u>Nicholas Lennon</u>, also writes and knows John to be a …"entirely peace loving" and "extremely dedicated to his family". Mr. Lennon points out that he recently observed John help a child participate in a football game who seemed timid while others

were playing. John convinced the youngster to join the game and Mr. Lennon noticed a significant difference in that child's self-esteem.

Finally, <u>Tim Lennon</u> writes as a father-in-law and reports that John is a man of "integrity and good will". He confirms that John is involved in schoolwork, sports and after school activities and that John and Lisa (the defendant's wife) attend church with their children.

    B.    <u>Michael Brodsky, M.D.</u> – A teacher of psychiatry at the Geffen UCLA School of Medicine. Dr. Brodsky treated Michael De La Cruz after his father was arrested and while he was incarcerated in Hawaii. Dr. Brodsky reports that John De La Cruz…"took active steps…to make himself available to participate in the treatment". He also reports that Mr. De La Cruz expressed "considerable remorse about his past actions" and made a sincere effort to improve the emotional function of his family. He concludes by writing that Michael (his patient) would likely benefit from the opportunity to spend as much time as possible with his father.

    C.    <u>Alex M. Daniels</u> – Employer. Mr. Daniels confirms John's employment with A & D Plastering and his regular daily attendance demonstrating a reliable, hard working individual who he characterized as an asset to the company. Mr. De La Cruz will be offered continuous employment.

    D.    <u>Alvara and Adriana De La Cruz.</u> These are cousins to the defendant and characterize him as a "good person". They report that John has a …"strong sense of responsibility…and that he is a great father and husband". Adriana writes that "John is on his way to rehabilitation…and has expressed remorse about his current situation and that he is determined to become a model citizen". She has observed that John has taken "steps in the right direction" confirming his involvement in a local church, community activities and continued employment.

E.    Fernando Ceron, Joni Rountree, Rosalina Ceron and Julia Price.  These are all friends of the defendant who have known him for as long as 25 years.  They observe him to be a loving father and excellent source of support for his children who love him deeply.  Comments such as "trustworthy", "big brother", "wonderful family man" and "loyal" are all characteristics that have been observed for years by these individuals who come forward to write on the defendant's behalf.

## 3.    The Kinds of Sentences Available

In Booker, the Supreme Court severed and excised 18 U.S.C. §3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range.  Booker, 125 S. Ct. at 756. This renders the sentencing guidelines advisory. Id.

Inasmuch as the defendant has pled guilty to a Class A felony, he is ineligible for probation, Section 3561(a)(1).  However, probation may be a feature of a sentence imposed so long as a defendant (convicted of a Class A felony) is sentenced to a period of incarceration, Section 3581(b)(1).  Under the circumstances in the present case, John De La Cruz has already served a 7½ month actual sentence after his arrest.  It is respectfully requested that the court find this to be an appropriate (and sufficient) amount of time in actual custody (along with credit that he may have earned) and impose no further sentence of incarceration.

The defendant also respectfully submits that he be sentenced to conditions of probation pursuant to 3563 such as: not commit any further violations of law(a)(1); not possess a controlled substance (a)(3); to submit to drug testing (a)(5); to support his dependents and meet other family responsibilities (b)(1); to work conscientiously at suitable employment or pursue conscientiously a course of study or vocational training (b)(4); to refrain from attending specified kinds of places and from associating with specified persons that are involved with drugs, drug abuse, and paraphernalia (b)(6); to

refrain from the use of alcohol or any narcotic drug or other controlled substance unless supplied by a licensed medical practitioner with a valid prescription (b)(7); to undergo available medical, psychiatric or psychological treatment including treatment for drug or alcohol dependency (b)(9); to perform 500 hours of community service Section (b)(12); to remain detained at home with an electronic monitoring device for suitable period of time of at least six months from the date of sentence (b)(19).

### 4. The Sentencing range Established by the Sentencing Commission

The defendant agrees that the pre-sentence report accurately evaluates the guidelines as of the date it was prepared; however, he has now participated in a "safety valve" meeting entitling him to a two point further reduction. Therefore, his proper guideline range is level 23 (46 to 57 months). As set forth in this sentencing memorandum, the defendant believes he has sufficient evidence to justify his request for a downward departure based upon a combination of circumstances (USSG 5K2.0(c)) and diminished capacity (USSG 5K2.13).

### 5. The Need To Avoid Unwarranted Disparities

Defendant is not currently aware of any other individual sentence within this district for which this proposed sentence would conflict or create an unwarranted disparity.

### 6. The need to provide restitution to any victims of the offense

There are no victims for which restitution is appropriate in this case. However, the defendant respectfully requests that he be permitted to remain employed so that he may earn sufficient income to pay for his counseling, substance abuse treatment and medical expenses to treat his back injury.

/ / /

/ / /

### Objection to Mandatory Minimum Sentence
### On the Ground that it is Factually Inapplicable

The mandatory minimum sentence for a conviction of 21 U.S.C. 846 and 841(a) and (b)(1)(a) of ten years is no longer appropriate in this case in view of the defendant's November 2, 2005 "safety valve" meeting. It is respectfully submitted that in view of defendant's participation in this meeting the Court is no longer required to impose a mandatory minimum sentence and should, therefore, impose a significantly lesser sentence.

### Proposed Statement of Reasons Pursuant to 18 U.S.C. ' § 3553(c)
### For sentence below guideline range.

The court may adopt the following proposed statement of reasons for a sentence below the guideline range:

- The defendant led a law-abiding life for a significant number of years before the events of this case.
- The defendant is married and has five children. One child, Michael De La Cruz, is suffering from an emotional\psychiatric condition for which the presence and participation of the defendant John De La Cruz is essential to the minor's continued treatment.
- The defendant is gainfully employed and the prospects of future employment are good.
- The defendant has been substance free since the date of his incarceration on May 10, 2004.
- The defendant is a non-violent offender and no weapon was used in the instant offense.
- The defendant has been evaluated by a clinical psychologist who reports that he is a good candidate for rehabilitation and amenable to further treatment.

- At the time of the offense the defendant was addicted to and taking a significantly high level of pain killers arising from a medical condition for which he had surgery. The prognosis for the management of his medical condition is good.
- The defendant (and his wife Lisa De La Cruz) have expressed an interest in continuing the marriage relationship.
- The defendant has led a law-abiding life since his arrest and release from pre-trial custody.
- The defendant has submitted a significant amount of letters of support and recommendation all confirming his family status, his relationship with his family and children.
- The defendant is a church member.
- The defendant has accepted full responsibility for his conduct and has affirmatively stated that he is willing to undergo treatment and rehabilitation.

## Conclusion

For the foregoing reasons, defendant John De La Cruz respectfully submits that a sentence of 7 ½ months of actual custody, including credit for time served, with the proposed conditions of probation (including community service and electronic monitoring) is sufficient, but not greater than necessary, to comply with the statutory directives as set forth in 18 U.S.C. 3553(a).

Respectfully submitted,

MARK WAECKER
Attorney for Defendant
JOHN DE LA CRUZ